

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**Jennifer L. Rubin**
Assistant Corporation Counsel
jerubin@law.nyc.gov
(212) 788-1029
(212) 788-9776 (fax)

August 10, 2007

**BY ECF**
Honorable Miriam Goldman Cedarbaum
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:  Hubbard v. City of New York, et al.
                     07 CV 3626 (MGC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney in the Office of the Corporation Counsel. Defendant City writes to respectfully request that the City's time to answer or otherwise respond to the complaint be extended until thirty (30) days after this office receives the executed releases from plaintiff. The City's answer is currently due on August 10, 2007. Plaintiff's counsel, Stephen Jackson, Esq., consents to this request.

      This is an action to recover money damages for plaintiff's alleged false arrest following an incident on September 7, 2006. Thus, on June 11, 2007, this office forwarded to plaintiff's counsel's attention a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §160.50(1)(d)" ("§160.50 release") so that the records pertaining to this incident could be accessed. As Your Honor is aware, defendant City cannot access general police records or any other records from the various entities until it receives a proper release from plaintiff. Additionally, at the initial conference on July 26, 2007, and before Your Honor, defendant City gave Mr. Jackson another NYCPL §160.50 release to expedite this process. Additionally, plaintiff has only identified John Does and, thus, Defendant City cannot identify the arresting officer or any officers involved without plaintiff executing the NYCPL §160.50 release.

      To date, this office has not received the properly executed releases. Consequently, defendant City has not been able to secure the relevant documents and remains unable to

properly frame a responsive pleading or proceed with discovery. According to plaintiff's attorney, my office can expect the executed releases by August 24, 2007.[1]

Once this office receives plaintiff's release, we will request the documents from the various entities. Thereafter, it generally takes some weeks to access and forward the requested documents to this office. Accordingly, the additional time will enable the defendants to secure the relevant documents, properly assess the case, and to respond to the complaint.

Therefore, I write to respectfully request that defendant City be granted thirty days from receipt of the releases to answer or otherwise respond to the complaint.

Thank you for your consideration in this regard.

                                                 Respectfully submitted,

                                                 /s/
                                        Jennifer L. Rubin  (JR 7938)
                                        Assistant Corporation Counsel

cc:    Stephen Curtis Jackson, Esq. (By ECF)

---

[1] If my office does not receive the executed releases by August 24, 2007, my office will formally request that Your Honor compel plaintiff to provide the executed releases by a date certain.