# Stephen Curtis Jackson

**Attorney At Law**

(212) 643-2394          **Empire State Building**          Fax (212) 239-6900
**350 Fifth Avenue, Suite 2310**
**New York, New York 10118**
E-Mail **StevenJacklaw@aol.com**

**VIA ECF**

March 7, 2008

Honorable Miriam Goldman Cedarbaum
United States District Judge
United States District Court
500 Pearl Street
New York, N.Y. 10007

Re: Hubbard v. City of New York et al
    07 Civ 3626 (MGC)

Dear Judge Cedarbaum:

I represent the plaintiff in the above referenced matter. I write this letter in response to the Court's order dated April 24, 2008. This action was brought pursuant 42 U.S.C. section 1983 for damages arising out of the false arrest, imprisonment and malicious prosecution of the plaintiff. On or about September 7, 2004 unknown defendant New York City Police Officers wrongly accused plaintiff of engaging in a robbery in the Bronx. Plaintiff was incarcerated after the incident and was unable to make bail. Plaintiff was ultimately acquitted after trial in February 2006 and released from incarceration shortly thereafter.

Plaintiff contends that the accrual date for the commencement of this action was the date he was acquitted and released from incarceration. In Heck v. Humphrey, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994), the Supreme Court ruled that a § 1983 claim does not accrue until there has been some vindication of the asserted right, for example by way of reversal on direct appeal from the conviction or by the granting of relief on collateral attack. Analogizing to common-law actions for malicious prosecution, the Heck Court stated that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 114 S. Ct. at 2374. Though noting that it was not engrafting onto § 1983 claims an exhaustion requirement, *see* 114 S. Ct. at 2373, the Court stated that "while the state challenges are being pursued, . . . the § 1983 claim has not yet arisen," 114 S. Ct. at 2374; *see also* id. at 2373 ("denying the existence of a cause of action" prior to the

plaintiff's receiving a favorable ruling on his challenge to the sentence or conviction). Id.

The three year statute of limitation in this matter should appropriately run from the date of plaintiff's acquittal and release from incarceration in February 2006 to February 2009. Thus it appears that plaintiff, if granted leave of court to add the unidentified officers to the complaint, could do so on or before February 2009. In light of the above the undersigned respectfully request that the court permit this matter to proceed. If you have any questions I can be reached at 212-643-2394.
.

                                              Respectfully submitted,


                                              Stephen C. Jackson

cc: Jennifer L. Rubin, Esq.